IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



MAXIMINO GARCIA                                          **PLAINTIFF**

V.                                            CIVIL ACTION NO.: 3:12 CV597CWR-FKB

TYSON FOODS, INC.                                      **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Maximino Garcia, by any through his counsel, Louis H. Watson, Jr., and files this action to recover damages for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, against the Defendant, Tyson Foods, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. The Plaintiff, Maximino Garcia, is a Mexican male residing at 714 Wilson Street, Forest MS 39704.

2. Defendant, Tyson Foods, Inc., is a foreign corporation licensed to do business in Mississippi and may be served with process through their registered agent, C. T. Corporation System, 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

### JURISDICTION AND VENUE

3. This Court has jurisdiction and venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3). A true and correct copy of Plaintiff's EEOC charge is attached hereto as

Exhibit "A," and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

4. Plaintiff was hired as a supervisor for Defendant on September 13, 1998.

5. Plaintiff had no work-related problems until he was moved to the new plant in 2007-2008.

6. As far back as 2007, Plaintiff complained to management as well as to John Dillmore, Director, that he and black employees were subjected to disparate treatment and racial slurs.

7. Specifically, Plaintiff was told to "swim back to Mexico."

8. Plaintiff was demeaned in front of other employees when Hal Patterson told Plaintiff he had enough time to "go home and beat your meat and come back" when Plaintiff returned from a meal break.

9. Plaintiff complained to Director John Dillmore but no actions were taken.

10. On or about August 3, 2011, Dollie Jones (white female) line employee was directed by Plaintiff to perform some rework on her line. When Plaintiff found Ms. Jones in the office instead of on the line, he complained to Marilyn Seymore (white female) in Human Resources.

11. Ms. Seymore slammed the door in Plaintiff's face and told him she was tired of him complaining to John Dillmore.

12. From August 4 to August 22, 2011, Plaintiff was placed on medical leave due to an injury.

2

13. When Plaintiff returned to work on August 22, 2011, he was told he was suspended from work for allegedly "raising my voice."

14. Plaintiff was discharged on August 25, 2011, by Mike Brister, Human Resources Supervisor.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII - NATIONAL ORIGIN DISCRIMINATION

15. Plaintiff incorporates the above paragraphs 1 through 14 as though specifically set forth herein and alleges as follows:

17. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his national origin.

18. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

19. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

20. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT TWO: VIOLATION OF TITLE VII - RETALIATION

21. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 20.

22. After Plaintiff made his complaint regarding the national origin discrimination to his supervisors, the Defendant condoned and permitted unlawful

3

retaliation against Plaintiff by allowing white supervisors to violate the same policy Plaintiff was charged with violating and they were not discharged.

23. Plaintiff has been harmed as a result of this unlawful retaliation, and the Defendant is liable to Plaintiff for the same.

24. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which he may be properly entitled.

THIS the 22nd day of August 2012.

Respectfully submitted,

Maximino Garcia, Plaintiff

By: _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

4

LOUIS H. WATSON, JR., P.A.
628 North State Street
Jackson, Mississippi 39202
Telephone: (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@louiswatson.com