IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAXIMINO GARCIA                                                                                    PLAINTIFF

V.                                                                              CAUSE NO. 3:12-CV-597-CWR-FKB

TYSON FOODS, INC.                                                                                 DEFENDANT

**ORDER**

Before the Court is the defendant's motion for summary judgment, which was filed on February 13, 2014. Docket No. 48. The plaintiff has not responded to the motion despite receiving an extension of time. *See* Text-Only Order of May 16, 2014. Pursuant to Local Rule 7(b)(3)(E), the Court will now take up the motion.

In his complaint, Maximino Garcia, who is Mexican, alleged that he was a supervisor at Tyson Foods from 1998 to 2011. Docket No. 1, at 2-3. His problems at Tyson started in 2007, he said. *Id.* at 2. From then until 2011, Garcia claimed to have complained to supervisors that he and his African-American colleagues "were subjected to disparate treatment and racial slurs." *Id.* Garcia allegedly was told to "swim back to Mexico," was disciplined for reasons which amounted to a pretext for discrimination, and was ultimately terminated. *Id.* at 2-3.

After the EEOC investigated the charge and determined that it was "unable to conclude that the information obtained establishes violations of the statutes," *see* Docket No. 1-3, Garcia brought this suit claiming national origin discrimination and retaliation under Title VII. Docket No. 1, at 3-4. Garcia later added claims for violations of the Family Medical Leave Act and 42 U.S.C. § 1981. Docket No. 7, at 4-5.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted); *see also Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010) ("With respect to an issue on which the nonmovant would bear the burden of proof at trial, if the movant for summary judgment correctly points to the absence of evidence supporting the nonmovant with respect to such an issue, the nonmovant, in order to avoid an adverse summary judgment on that issue, must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue.").

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995). "These rules apply equally to *pro se* litigants. Although *pro se* pleadings must be viewed liberally, such plaintiffs are still required to follow Rule 56 of the Federal Rules of Civil Procedure." *Horton v. Faurecia Automotive*, No. 3:13-CV-21-DPJ-FKB, 2014 WL 2196310, at *2 (S.D. Miss. May 27, 2014).

Tyson's motion contends that the evidence reveals no *prima facie* case of discrimination or retaliation; that there is no causal connection between any protected activity and Garcia's termination; and that it had several legitimate, non-discriminatory reasons for terminating him,

among other arguments. Docket No. 49. Its supporting evidence consists of six affidavits, excerpts from Garcia's deposition, and various exhibits such as reports and witness statements recounting workplace incidents involving Garcia. *E.g.*, Docket No. 48-2, at 11-46. This evidence satisfies Tyson's burden at the summary judgment stage.

Because Garcia has not responded to the motion, he has not met his burden to "designate specific facts in the record showing that there is a genuine issue for trial." *Wallace*, 80 F.3d at 1047. Factual controversies are to be resolved in his favor, "but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The record here demonstrates that summary judgment is appropriate.

For these reasons, the motion is granted. All other pending motions are rendered moot. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 8th day of September, 2014.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE